Bolster, C. J.
This is an action for conversion of a piano. It had been moved by the defendant with other *281 furniture of the plaintiff, from New York to Boston, at a total moving price of $100. to be paid “when the job was delivered”. The defendant, whose testimony rather than that of the plaintiff is now to be deemed credited, testified that the plaintiff told him to keep the piano until he got his money. And it was so found. The defendant later refused to deliver until the balance due him was paid.
The plaintiff’s argument here is solely that the defendant acquired no lien on the piano, and that the plaintiff’s consent that he might retain it was without consideration. Assuming in the plaintiff’s favor that the question of consideration is raised by the generalized first request — that there is no evidence that the defendant had a lien — we think the argument unsound. It is by no means clear that the defendant, even if only a private land carrier, did not have a lien for his charges, even without express consent thereto, Jones, Liens. §275, cf. Gen. Laws (Ter. Ed.) Ch. 255, §26. But this plaintiff consented to what is in effect a pledge, and the defendant by retention also impliedly agreed to become a bailee, with the responsibilities of that position, thereby creating by mutual consent a legal relationship toward each other in reference to the chattel. Consideration has to do with the enforceability of executory agreements. This is an executed one, controlling possessory rights, and consideration is no more important than it would be in a conversion action by a gratuitous donor against his donee, the gift being complete and absolute and no rights of third persons, such as creditors, being involved.
Report dismissed.